UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ABRAHAM ELIJAH SANCHEZ, ) | Case No. CV 13-4363-JFW(AJW) |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | DISMISSING PETITION |
| WARDEN FOULK, ) | WITHOUT PREJUDICE |
| ) | AND WITH LEAVE TO AMEND |
| Respondent. ) | |

On June 18, 2013, petitioner filed a document entitled "Motion for Stay and Abeyance to Exhaust Remedies..." Petitioner seeks an order granting him time to perform legal research and "study the facts from the additional claims" he has found. [Motion at 1]. Liberally construing the document as a habeas petition, it is subject to summary dismissal.

As pleaded, the petition does not identify the conviction or sentence petitioner challenges. It also does not present any claims for relief, or state whether petitioner has exhausted his state remedies with respect to any potential claim. See 28 U.S.C. §2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the

remedies available in the courts of the State.").

To the extent that petitioner seeks application of statutory or equitable tolling to any future federal petition he may elect to file, see 28 U.S.C. §2244(d)(2); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010), such a request is premature.[1]  Petitioner has not yet filed a proper federal petition challenging his conviction or sentence. Further, at this stage, whether the state will raise the defense of the statute of limitation pursuant to 28 U.S.C. §2244(d) if petitioner does file a federal petition is purely speculative. The timeliness of any federal petition properly filed by petitioner should be considered if and when petitioner files such a petition. Thus, the issue of petitioner's entitlement to the application of statutory or equitable tolling is not ripe for determination.

Finally, although this Court has discretion to stay mixed habeas petitions to allow the petitioner to exhaust his state remedies, see

---

[1] The Court cannot determine the date on which petitioner's conviction became final for purposes of the AEDPA's statute of limitation. Generally, a state conviction is final 90 days after the petitioner's petition for review is denied. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Petitioner would have one year from that date within which to file a federal petition. Of course, this period would be extended if petitioner has a properly filed state application for relief pending or is entitled to equitable tolling. See 28 U.S.C. §2244(d)(2) (explaining that the one year period does not include any time during which a properly filed state application for relief is pending); Carey v. Saffold, 536 U.S. 214, 218-219 (2002) (holding that in California, state habeas petitions are "pending" so as to toll the limitation period during the interval between a lower court's determination of an initial petition and the filing of a subsequent petition in a higher court); Pace v. DiGuglielmo, 544 U.S. 408, 413-414 (2005) (state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state petition was timely filed under state law & equitable tolling is available only if the petitioner has been pursuing his rights diligently, and some extraordinary circumstance stood in his way). Nothing in this order should be construed as an opinion as to the timeliness of any future petition.

1 Rhines v. Webber, 544 U.S. 269, 277-278 (2005), it does not have
2 discretion to stay a petition containing only unexhausted claims.
3 Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a
4 district court determines that a habeas petition contains only
5 unexhausted claims, it need not inquire further as to the petitioner's
6 intentions. Instead, it may simply dismiss the habeas petition for
7 failure to exhaust.").

8    The petition filed by petitioner is dismissed without prejudice
9 and with leave to amend.  Petitioner shall have twenty-eight (28) days
10 from the date of this order within which to file an amended habeas
11 petition on the forms provided by the clerk.  The amended petition
12 shall bear case number CV 13-4363-JFW(AJW) and shall set forth each of
13 petitioner's claims for relief.  It also shall indicate which claims
14 have been presented to the California Supreme Court and which have
15 not. At the time he files his petition, he also may file a motion to
16 stay the petition pending exhaustion of state remedies.

17    Petitioner is cautioned that failure to timely comply with this
18 order will result in dismissal of this action without prejudice.
19 **It is so ordered.**

21 Dated: June 24, 2013

                                    _____
                                    Andrew J. Wistrich
                                    United States Magistrate Judge

3